GREATER BRIDGEPORT TRANSIT DISTRICT ET AL.
*v.* CITY OF BRIDGEPORT ET AL.
(AC 26723)

Gruendel, Harper and Foti, Js.

Argued February 7—officially released May 15, 2007

*Thomas J. Weihing*, with whom, on the brief, were *John T. Bochanis* and *Janice Rosenfeld*, legal intern, for the appellants (plaintiffs).

*Arthur C. Laske III*, assistant city attorney, for the appellee (named defendant).

*Stuart M. Katz*, for the appellee (defendant Greater Bridgeport Transit Authority).

*Brian W. Smith*, for the appellees (defendant town of Stratford et al.).

*Noel R. Newman*, for the appellees (defendant town of Fairfield et al.).

*Opinion*

FOTI, J. The plaintiffs, the Greater Bridgeport Transit District (transit district) and five former members of its board of directors,[1] appeal from the judgment of the trial court in favor of the defendants, numerous

---

[1] The five former members of the transit district's board of directors who are plaintiffs in this case are Constantine Chagares, Morgan Kaolian, Raul Laffitte, Wilfred Murphy and Lee Scarpetti.

municipal entities and officials.[2] On appeal, the plaintiffs claim that the court improperly determined that (1) membership on the transit district's board of directors is not a constitutionally protected property interest and (2) the defendant municipalities had complied with all statutory requirements when they withdrew from the transit district. We affirm the judgment of the trial court.

In late 1998, the transit district ceased to exist when all four of its municipal members, Bridgeport, Fairfield, Stratford and Trumbull, withdrew and established a new entity known as the Greater Bridgeport Transit Authority (transit authority). The transit authority agreed to assume all of the transit district's assets and liabilities. The members of the transit district's board of directors, who had been serving four year terms and received no salary or benefits for their service, were not appointed to the board of directors of the transit authority. The plaintiffs then filed a complaint against the defendants, claiming that the defendants wrongfully had terminated the transit district's directors and failed to satisfy their statutory obligations to the transit district. The plaintiffs also sought to enjoin the defendants from forming the transit authority. After a trial to the court, the court rejected the plaintiffs' claims and denied their request for injunctive relief. This appeal followed.

I

The plaintiffs first claim that the court improperly determined that membership on the transit district's

---

[2] The municipal entities and officials who are defendants in this case and parties to this appeal are the city of Bridgeport; the town of Fairfield; Kenneth Flatto, the first selectman of Fairfield; the town of Stratford; the Greater Bridgeport Transit Authority, the successor organization to the plaintiff transit district; and Ronald Dodsworth, the former general manager of the transit district. The following municipal officials are defendants in this case but not parties to this appeal: Joseph Ganim, the former mayor of Bridgeport; Mark Barnhart, the former town manager of Stratford; and Debbie Rose, the former chairperson of the Stratford town council.

board of directors is not a constitutionally protected property interest. We disagree.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

"Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." (Internal quotation marks omitted.) *Giaimo* v. *New Haven*, 257 Conn. 481, 499, 778 A.2d 33 (2001).

In support of their claim that membership on the transit district's board of directors is a constitutionally protected property interest, the plaintiffs point out that General Statutes § 7-273c prescribes a four year term for the directors of a transit district. Section 7-273c, however, does not entitle those directors to serve their entire four year term. The plaintiffs also rely on the charters of three of the transit district's municipal members. Those charters include provisions regarding the removal of appointed officers for cause, but none of those provisions apply to the transit district's directors because they were not municipal employees. The final source on which the plaintiffs base their claim is General Statutes § 8-43, which provides in relevant part that a commissioner of a housing authority may be removed "for inefficiency, neglect of duty or misconduct in office

. . . ." That statute clearly does not apply to the directors of a transit district.

We conclude that the plaintiffs have failed to identify any sources that would support a legitimate claim of entitlement to membership on the board of directors of a transit district. The court correctly determined that the plaintiff directors were not deprived of a constitutionally protected property interest when the transit district ceased to exist.

II

The plaintiffs next claim that the court improperly determined that the defendant municipalities had complied with all statutory requirements when they withdrew from the transit district. We disagree.

The plaintiffs focus on General Statutes § 7-273b (f), which provides: "Any municipality included in the [transit] district may withdraw therefrom if the legislative body thereof votes to do so. In such case the board of directors of the district, including the members chosen from the withdrawing municipality, shall determine the share of the district's expenses and obligations remaining due from the municipality. The municipality shall pay or secure such amount to the district before such withdrawal shall become effective."

Although the transit authority signed an agreement in which it assumed all of the transit district's assets and liabilities, the plaintiffs argue that that agreement was ineffective because the transit district's board of directors did not "determine the share of the district's expenses and obligations remaining due from [each] municipality. . . ." General Statutes § 7-273b (f). We are unpersuaded by that argument because the agreement signed by the transit authority obviated the transit district's determination of each municipality's

share of the remaining expenses and obligations. Furthermore, the transit district's board of directors authorized its interim transit manager to negotiate that agreement with the transit authority. The plaintiffs' final argument is that the agreement was insufficient to "secure" the transit district's remaining expenses and obligations pursuant to § 7-273b (f). We reject that argument because the transit authority agreed to assume all of the transit district's assets and liabilities, and there is no evidence that the transit authority failed to act in accordance with its agreement after the transit district ceased to exist. The court properly determined that the defendant municipalities had complied with all statutory requirements when they withdrew from the transit district.

The judgment is affirmed.

In this opinion the other judges concurred.